UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY BARB, | ) | 1:11CV0563 |
| | ) | |
| Petitioner | ) | JUDGE DAN AARON POLSTER |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| KIMBERLY CLIPPER, | ) | |
| Warden | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Danny Barb ("Barb") has filed a petition pro se for a writ of

habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 conviction in the

Cuyahoga County (Ohio) Court of Common Pleas for felonious assault.  (Doc. 1.)

The respondent filed a Return of Writ (doc. 18), and after an extension of

time, Barb filed a Traverse (doc. 29).  Without leave of court, the respondent also

filed a sur-reply.  (Doc. 30.)

In his petition, Barb sets forth sixteen (16) grounds for relief:

1.  Filing an entry of appearance as counsel of record in a criminal
action is mandated by the Sixth Amendment.

2.  The Due Process Clause embodied in the Sixth and Fourteenth
Amendments prohibits a trial court from using a motion from
disqualified counsel to toll the speedy trial statutory right and
constitutional right.

3.  The trial court acted without color of authority in continuances of
pretrial dates.

4.  Disqualified motion for discovery does not toll the speedy trial right secured through statutory law and the Sixth Amendment in the U.S. Constitution.

5.  Right of speedy trial is guaranteed in Ohio statutory law and secured through the Sixth and Fourteenth Amendment[s].

6.  Prosecution made no competent showing to rebut the presumption of innocence secured in law and the Fourteenth Amendment.

7.  Prosecution omitted to prove the mens rea of felonious assault to secure a conviction under the Thirteenth and Fourteenth Amendments of the U.S. Constitution.

8.  Petitioner never received the right of assistance of counsel before the commencement of trial as secured in the Sixth Amendment.

9.  Petitioner never enjoyed his right of an impartial jury secured in the Sixth Amendment.

10.  The indictment of petitioner on specification to enhance penalty as repeat violent offender from non-violent offense constitutes action against the Fourteenth Amendment.

11.  The sentence imposed by the trial court is contrary to law and in violation of the Eighth Amendment.

12.  There are plain errors on the record that violates the Sixth, Thirteenth, and Fourteenth Amendments.

13.  The petitioner was denied his right to a fair trial before an impartial jury, and his right against self-incrimination, in violation of the U.S. and Ohio Constitutions.

14.  The petitioner was denied effective assistance of counsel in violation of the U.S. and Ohio Constitutions.

15.  Petitioner was denied assistance of trial counsel, and assistance of appellate counsel.

16.  The trial court erred by improperly dismissing petitioner's post conviction relief without conducting an evidentiary hearing.

([Doc. 1](), at § 12.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

> Appellant was arrested on a charge of domestic violence on August 15,
> 2007.  At his initial appearance on August 17, 2007, bond was set at
> $25,000.  Appellant was charged in a two-count indictment filed
> September 11, 2007, with one count of domestic violence and one count
> of felonious assault with a notice of prior conviction and a repeat
> violent offender specification.  He was arraigned on September 14,
> 2007, and counsel was appointed to represent him.  On September 20,
> 2007, appellant's counsel filed a motion for discovery and to examine
> exculpatory and mitigatory material.
>
> At the appellant's request, the court continued the first pretrial in this
> matter from October 4 to October 22, 2007, and scheduled the trial for
> October 29, 2007.  New counsel was appointed to represent appellant
> on October 18, 2007, after the public defender's office determined that
> it had previously represented one of the alleged victims.  A pretrial
> was scheduled for October 24, 2007.  Pretrials were continued to
> October 30 and then November 14, 2007, at the appellant's request on
> account of discovery.  Trial was rescheduled for November 26, 2007,
> again, at appellant's request.
>
> Immediately before trial, appellant filed a motion to bifurcate the
> proceedings with respect to his prior conviction for domestic violence in
> 1993, which was an element of the domestic violence charge.  He also
> moved for the court to discharge him for failure to provide him with a
> speedy trial.  The court denied both motions but did bifurcate the issue
> of appellant's prior conviction for burglary, which supported a repeat
> violent offender specification on the felonious assault charge.
>
> At trial, the state presented the testimony of the alleged victims, L.S.
> and her son, Richard Finley.  In addition, the state introduced the
> testimony of D.S., the daughter of appellant and L.S., police officers
> John Sattler and James Zak, and Detective Michael Torok, as well as
> the 911 dispatcher, Andria Cabaniss.  The defense presented the
> testimony of appellant's neighbor, Robert Voytovich.  In brief, L.S.
> testified that she and appellant were engaged in an argument in a van
> parked in a neighbor's driveway.  She said appellant struck her several
> times then retrieved a hammer from his tool belt on the floor of the
> van.  Finley approached the van.  Appellant got out of the van and
> struck Finley in the head with the hammer.

At the conclusion of the trial, the jury returned a verdict finding appellant not guilty of domestic violence but guilty of felonious assault. The court found the state had proved appellant's prior conviction for burglary.  The court subsequently sentenced appellant to eight years' imprisonment followed by three years of postrelease control, plus a fine of $250.

(Doc. 18, RX 14, at 1-3; State v. Barb, No. 90768, 2008 WL 4885042, at *1-*2 (Ohio Ct. App. Nov. 13, 2008).)

## A.  Direct Appeal

Barb filed an appeal of his conviction, raising the following six assignments of error:

1. The trial court erred when [it] denied appellant's motion to discharge for delay in trial.

2. The jury's verdict convicting defendant-appellant of felonious assault, in violation of R.C. 2903.11.A2, was against the sufficiency and the manifest weight of the evidence.

3. The trial court erred when it denied defendant appellant's motion to dismiss, brought pursuant to Ohio Crim. R. 29, for the state's failure to prove venue.

4. The trial court erred when it found defendant-appellant guilty of a prior conviction, pertaining to the repeat violent offender specification, where the state failed to prove its case beyond a reasonable doubt.

5. The trial court erred when it sentenced defendant-appellant to eight years imprisonment, the maximum sentence, based on [the] repeat violent offender specification.

6. The sentence imposed by the trial court violated the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

(Doc. 18, RX 12.)  The state court of appeals affirmed the judgment of the trial court.  (Doc. 18, RX 14; Barb, 2008 WL 4885042.)

Barb appealed the decision pro se to the Supreme Court of Ohio, setting forth the following propositions of law:

1.  Filing an entry of appearance as attorney of record in a criminal action is mandated by the Sixth Amendment.

2.  The Due Process Clause embodied in the Sixth and Fourteenth Amendments prohibits a trial court to use a motion from disqualified counsel to toll the speedy trial statutory right and constitutional right.

3.  The trial court acted without color of authority in continuances of pretrial dates sua sponte beyond the constitutional and statutory right of speedy trial protected in the Sixth Amendment.

4.  Disqualified motion for discovery does not toll the speedy trial right secured through statutory law and the Sixth Amendment in the U.S. Constitution.

5.  Right of speedy trial is guaranteed in Ohio statutory law and secured through the Sixth and Fourteenth Amendment[s].

6.  Prosecution made no competent showing to rebut the presumption of innocence secured in law and the Fourteenth Amendment.

7.  Prosecution omitted to prove the mens rea of felonious assault to secure a conviction under the Thirteenth and Fourteenth Amendments of the United States Constitution.

8.  Appellant never received the right of Assistance of Counsel before the commencement of trial as secured in the Sixth Amendment.

9.  Appellant never enjoyed his right of an impartial jury secured in the Sixth Amendment.

10.  Indictment of appellant on specification to enhance penalty as repeat violent offender from non-violent offense constitutes action against the Fourteenth Amendment.

11.  The sentence imposed by the trial court is contrary to law and in violation of the Eighth Amendment.

12.  There are plain errors on the record that violate the Sixth, Thirteenth, and Fourteenth Amendments.

(Doc. 18, RX 16.)  On March 25, 2009, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 18, RX 18; State v. Barb, 121 Ohio St.3d 1428, 903 N.E.2d 326 (2009).)

### B.  Petition for Post-Conviction Relief

While his direct appeal was pending, Barb also filed a petition for post-conviction relief, raising four claims:

> 1. The defendant was denied his right to a fair trial before an impartial jury, and his right against self-incrimination, in violation of the U.S. and Ohio Constitutions.
>
> 2. The defendant was denied effective assistance of counsel in violation of the U.S. and Ohio Constitutions.
>
> 3. The defendant was denied the effective assistance of counsel in violation of the U.S. and Ohio Constitutions.
>
> 4. The defendant was denied effective assistance of counsel in violation of the U.S. and Ohio Constitutions, petitioner also seeks review under the plain error doctrine.

(Doc. 18, RX 21.)  The trial court denied Barb's petition.  (Doc. 18, RX 27.)

Barb appealed the denial, raising the following six assignments of error:

> 1. The defendant was denied his right to a fair trial before an impartial jury, and his right against self-incrimination, in violation of the U.S. and Ohio constitutions.
>
> 2. The defendant was denied effective assistance of counsel in violation of the U.S. and Ohio constitutions.
>
> 3. The defendant was denied the effective assistance of counsel in violation of the U.S. and Ohio constitutions.
>
> 4. The defendant was denied effective assistance of counsel in violation of the U.S. and Ohio Constitutions. Petitioner also seeks review under the plain error doctrine.

5. Defendant was denied assistance of trial counsel, and assistance of appellate counsel.

6. The trial court erred by improperly dismissing appellant's Petition for Post-conviction Relief without conducting an Evidentiary Hearing because appellant's petition, with its supporting affidavits, contained sufficient facts to demonstrate grounds for relief.

(Doc. 18, RX 29.)  The court of appeals affirmed the judgment of the trial court.

(Doc. 18, RX 35; State v. Barb, No. 94054, 2010 WL 4286173 (Ohio Ct. App. Oct. 28,

2010).)

Barb filed an appeal with the state supreme court, setting forth the following

propositions of law:

1. Was the defendant denied [his] right to a fair trial before an impartial jury, and his right against self-incrimination in violation of the U.S. and Ohio Constitutions.

2. Was the defendant denied effective assistance of counsel in violation of the U.S. and Ohio Constitutions.

3. Was the defendant denied effective assistance of counsel in violation of the U.S. and Ohio constitutions for failing to call the main witness.

4. Was the defendant denied effective assistance of counsel in violation of the U.S. and Ohio constitutions. Appellant also seeks review under the plain error doctrine.

5. Was the defendant denied assistance of trial counsel and, assistance of appellate counsel?

6. Did the trial court err by improperly dismissing Appellant's Petition for Relief without conducting an Evidentiary hearing?

(Doc. 18, RX 37.)  On March 2, 2011, the Supreme Court denied leave to appeal and

dismissed the appeal as not involving any substantial constitutional question.  (Doc.

18, RX 38; State v. Barb, 128 Ohio St.3d 1412, 942 N.E.2d 385 (2011).)

### C.  Application to Reopen Appeal

In addition, Barb filed an application for reopening his appeal, claiming

ineffective assistance of appellate counsel.  (Doc. 18, RX 41.)  Barb argued that

appellate counsel failed to raise several meritorious claims:

> 1.  Appellate counsel was ineffective for not raising that the Due
> Process Clause embodied in the Sixth and Fourteenth Amendments
> prohibits a trial court to use a motion from disqualified counsel to toll
> the speedy trial statutory right and constitutional right to speedy trial.
>
> 2.  Appellate counsel was ineffective for not raising that the trial court
> acted without color of authority in continuance of pretrial dates sua
> sponte beyond the constitutional and statutory right of speedy trial
> protected in the Sixth Amendment.
>
> 3.  Appellate counsel was ineffective for not raising that disqualified
> motion for discovery does not toll the speedy trial right secured
> through statutory law and the Sixth Amendment in the United States
> Constitution.
>
> 4.  Appellate counsel was ineffective for not raising that prosecution
> made no competent showing to rebut the presumption of innocence
> secured in law and the Fourteenth Amendment.
>
> 5.  Appellate counsel was ineffective for not raising that prosecution
> omitted to prove the mens rea of felonious assault to secure a
> conviction under the Thirteenth and Fourteenth Amendment[s] of the
> United States Constitution.
>
> 6.  Appellate counsel was ineffective for not raising that appellant
> never received the right of effective assistance of trial counsel
> guaranteed in the Sixth Amendment.

(Doc. 18, RX 41, at 4-8.)  Barb also claimed that appellate counsel "acted against

required duty under the Ohio Rules of Professional Conduct," because counsel

refused to communicate with him at any stage of the appeal.  Id. at 8.

The court of appeals denied his application to reopen.  (Doc. 18, RX 44; State

v. Barb, No. 90768, 2009 WL 1577902 (Ohio Ct. App. June 2, 2009).)  Barb

subsequently appealed this decision to the Supreme Court of Ohio, raising the

following propositions of law:

> 1. Was the [Appellant] denied due process of law to receive a direct appeal of right when appellate counsel failed to raise meritorious claims and contentious arguments for the reversal of conviction?
>
> 2. Was appellate counsel Ineffective for not raising that the Due process Clause embodied in the Sixth and Fourteenth Amendments prohibits a trial court to use a motion from disqualified counsel to toll the speedy trial statutory right and constitutional right to a speedy trial?
>
> 3. Was appellate counsel ineffective for not raising that the trial court acted without color of authority in continuance of pretrial dates sua sponte beyond the constitutional and statutory right of speedy trial protected in the Sixth Amendment?
>
> 4. Was appellate counsel ineffective for not raising the issue that disqualified motion for discovery does not toll the speedy trial right secured in the United States Constitution?
>
> 5. Was appellate counsel ineffective for not raising the issue that the prosecution made no competent showing to rebut the presumption of innocence secured in law and the Fourteenth Amendment.
>
> 6. Was the appellate counsel ineffective for not raising the issue that the prosecution omitted to prove the mens rea of felonious assault to secure a conviction under the Thirteenth and Fourteenth Amendment of the United States Constitution.
>
> 7. Was appellate counsel ineffective for not raising the issue that appellant never received the right of effective assistance of trial counsel guaranteed in the Sixth Amendment.
>
> 8. Did appellate counsel act against required duty under Ohio Rules of Professional conduct.

(Doc. 18, RX 46.)

On Aug. 26, 2009, , the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 18, RX 48; State v. Barb, 122 Ohio St.3d 1507, 912 N.E.2d 110 (2009).)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Barb has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Barb allege violations of the Ohio Constitution.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III.  EXHAUSTION

The respondent argues that Barb waived his several of his grounds for relief by failing to raise those claims in his direct appeal.  (Doc. 18, at 19-25.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to properly present a claim in state court, a habeas court may deem that claim defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

### A.  Claims Not Presented to Ohio Court of Appeals

The respondent points out that the first, second, third, fourth, and twelfth grounds of the petition were never fairly presented to the Ohio Court of Appeals. (Doc. 18, at 21-22.)

The record reflects that Barb failed to properly exhaust these claims by raising them on direct appeal.  See doc. 18, RX 12.  Because the claims were not

raised in the state court of appeals, they are barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata would bar Barb from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Although Barb attempted to raise these claims in his appeal to the Supreme Court of Ohio (see doc. 18, RX 16), that court will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).  Barb can no longer raise these claims in state court, as they would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

Barb also raised the issues in the second, third, and fourth grounds in the context of his Rule 26(B) application to reopen, as meritorious claims that appellate counsel failed to raise on direct appeal.  See doc. 18, RX 41.  However, the Sixth Circuit has ruled that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review."  Davie v. Mitchell, 547 F.3d 297, 312 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009) (citing White v. Mitchell, 431 F.3d 517, 526 (6th Cir. 2005)).  See also Muntaser v. Bradshaw, No. 10–3112, 2011 WL 2646551,

at *6 (6th Cir. July 6, 2011), cert. denied, 132 S.Ct. 1020 (2012) (Rule 26(B) motion limited to ineffective assistance of appellate counsel claims; cannot preserve underlying substantive claim); Silvey v. Williams, No. 3:09CV2722, 2011 WL 7641014, at *12 (N.D. Ohio Jan. 20, 2011) (citing Davie).

Barb cannot return to state court to exhaust these claims because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).  State law no longer would permit Barb to raise the claims, hence they are defaulted.  See Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006); Adams, 484 F.Supp.2d at 769.

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Lott, 261 F.3d at 612.  Barb does not address cause and prejudice in his traverse.  See generally doc. 29.

The petition should not be granted on the basis of the first, second, third, fourth, and twelfth grounds of the petition because these claims were never presented to the Ohio Court of Appeals, thus were not properly exhausted, and are now defaulted.

### B.  Claim Not Presented to Court of Appeals on Same Theory

The seventh ground of the petition is that the prosecution failed to prove the mens rea element of the felonious assault charge.  The respondent contends that the

seventh ground of the petition was  never fairly presented to the Ohio Court of Appeals.  (Doc. 18, at 22.)

The record reflects that Barb presented a sufficiency of evidence claim concerning the felonious assault charge; however, it did not concern the mens rea element.  Rather, Barb argued on appeal that the evidence was insufficient to establish that Barb "caused physical harm" to Richard Finley.  (Doc. 18, RX 12, at 15-17.)  Barb argued that there was insufficient evidence to establish "that the physical harm was caused by the hammer and that Mr. Barb was the person that used the hammer to cause the alleged physical harm."  Id. at 16.

The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see also Brandon v. Stone, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing Williams v. Bagley, 380 F.3d 932, 969 (6th Cir. 2004)); Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008), aff'd, 657 F.3d 293 (6th Cir. 2011), petition for cert. filed (Apr. 3, 2012) (No. 11-9704).  Those issues which were not fairly presented to the state courts cannot be considered here.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Lott, 261 F.3d at 612.  Barb does not address cause and prejudice in his traverse.  See generally doc. 29.

The petition should not be granted on the basis of the seventh ground.

C.  Ineffective Assistance Claims Not Presented to Ohio Court of Appeals

The respondent also contends that the eighth and fourteenth grounds of the petition were never fairly presented to the Ohio Court of Appeals.  (Doc. 18, at 22-23, 24.)

1.  Eighth ground

The eighth ground alleges ineffective assistance of counsel insofar as trial counsel allegedly "refused to stop the arbitrary actions of the trial court and abetted the court to continue these violations," namely the court's granting of "moot" motions for continuances, and voir dire.  (Doc. 1, at p. 7.)

Barb did not raise the claim in the eighth ground on direct appeal, but included it as his eighth proposition of law in his appeal to the state high court.  (Doc. 18, RX 16, at 8.)  Under the analysis set forth earlier, the petition should not be granted on the basis of the eighth ground of the petition because the claim was never  presented to the Ohio Court of Appeals, thus not properly exhausted, and defaulted.

The eighth ground alleges ineffective assistance of trial counsel.  Any ineffective-assistance claims that Barb could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata, which applies when a defendant who is represented by new counsel on direct appeal, as Barb was, fails to raise the issue of ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Coleman, 244 F.3d at 538; see generally Lundgren v. Mitchell, 440 F.3d 754, 765 (6th Cir. 2006) (claims must be raised on direct appeal if possible).

Although ineffective assistance of counsel could serve as cause to overcome the default, Barb has defaulted that claim in part, as discussed elsewhere.  An ineffective assistance of counsel claim asserted as cause for another defaulted federal claim can itself be defaulted.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  Barb did raise the issue of ineffective assistance, that appellate counsel did not raise the issue that counsel did not press the voir dire issue on appeal.  See doc. 18, RX 41, at 8.)  However, the court of appeals ruled that Barb did not receive ineffective assistance because counsel acted within his discretion to select the most promising issues for appeal.  (Doc. 18, RX 44, at 6; Barb, 2009 WL 1577902.)

Failure to raise an issue on appeal constitutes ineffective assistance only if there is "a reasonable probability" that the issue would have changed the result of the appeal.  Ivory v. Jackson, 509 F.3d 284, 294 (6th Cir. 2007), cert. denied, 552 US. 1322 (2008).  Given the state court's findings concerning the veniremen argument, it is unlikely that this issue would have changed the result of the appeal. The court cannot find that the state court's ruling was contrary to Strickland v. Washington, 466 U.S. 668, 689 (1984).  See generally Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000) (whether the state court's application of Strickland to facts of case objectively unreasonable).

## 2.  Fourteenth ground

The fourteenth ground also alleges ineffective assistance of counsel, insofar as 1) failure to protect Barb from "Untruthful Entries on the Docket, unqualified veniremen on the venire"; 2) failure to call a particular witness, John Adams; and,

3) failure to request an instruction on a lesser-included offense, or self-defense.

(Doc. 1, at pp. 10-11.)

    The fourteenth ground was not presented on direct appeal either, although

Barb raised the issues in the second, third, and fourth claims of his petition for post-

conviction relief.  (Doc. 18, RX 21.)  The court denied his petition.  The court noted

that any claims which could have been raised on direct appeal were barred by res

judicata.  (Doc. 18, RX 27, at 7; see generally Lundgren, 440 F.3d at 765; Hicks,

384 F.3d at 211.)  The only exception under Ohio law is "where a petitioner presents

competent, relevant and material evidence dehors the record that was not in

existence and available to petitioner in time to support the direct appeal..."  (Doc.

18, RX 27, at 7.)

    The trial court found that the second claim (concerning venire) was not

supported by credible evidence[1], and in addition found that its own review of the

record showed that "no juror in Barb's previous trials served as jurors in this case."

(Doc. 18, RX 27, at 8.)  In addition, the court of appeals stated:

> . . . the record reveals that the state submitted the jury lists under seal
> and requested the trial court to conduct an in-camera review.  The
> trial court conducted an in-camera review and determined that "no juror in
> Barb's previous trials served as jurors in this case."  Our review of the
> record supports this conclusion.

(Doc. 18, RX 35, at 5; Barb, 2010 WL 4286173, at *2.)

    Concerning his third claim (witness Adams), the court noted that there was

no affidavit from Adams as to what his testimony would have been.  Also, the court

---

[1] "The only evidence in support of this claim is Barb's own self serving
affidavit," which the court found not to be credible.  (Doc. 18, RX 27, at 8.)

found that counsel was not ineffective, because counsel pursued a legitimate trial strategy in relying on another witness, rather than Adams, who did not witness the beginning of the altercation, and was drunk each time police tried to interview him. (Doc. 18, RX 27, at 8-9.)   The state court of appeals affirmed the findings of the trial court.  (Doc. 18, RX 35, at 6-8; Barb, 2010 WL 4286173, at *3-*4.)

The court found the fourth claim (lesser-included instruction) was barred because it was based on the record.  (Doc. 18, RX 27, at 9.)  The appellate court noted that:  "Failure to raise the issue of ineffective assistance of trial counsel in the direct appeal renders the issue res judicata for purposes of postconviction relief." (Doc. 18, RX 35, at 9; Barb, 2010 WL 4286173, at *4.)

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Lott, 261 F.3d at 612.  Barb does not address cause and prejudice in his traverse.  See generally doc. 29.

Thus, the state courts found that the sub-claims underlying the fourteenth ground could have been raised on direct appeal, and were barred by res judicata because Barb's presentation of these claims did not fit within the exception ("where a petitioner presents competent, relevant and material evidence dehors the record").


D.  Claim Concerning Indictment  Not Presented to Ohio Court of Appeals

The tenth ground for relief is: "The indictment of petitioner on specification to enhance penalty as repeat violent offender from non-violent offense constitutes action against the Fourteenth Amendment."  Barb argues that the state

misconstrued his 1982 guilty plea to burglary charges as a violent offense.  (Doc. 1, at p. 8.)

The respondent contends that this ground was not fairly presented, because he failed to present his argument in state court on the same legal theory that he now presents in habeas.  (Doc. 18, at 23.)  The respondent also argues that alleged state-law errors concerning the indictment are not cognizable in habeas.  Id. at 16-17.

On direct appeal, Barb asserted that the trial court erred when it found him guilty of a prior conviction, because "merely introducing a certified copy of an entry does not prove prior conviction beyond a reasonable doubt."  (Doc. 18, RX 12, at 20.)  In his habeas petition, Barb argues that the state misconstrued his plea to burglary charges as a violent offense.  (Doc. 1, at p. 8.)

As discussed earlier, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  Wong, 142 F.3d at 322; see also Brandon, 2007 WL 786330, at *1; Jalowiec, 2008 WL 312655, at *24.  The tenth ground was not fairly presented to the state courts, and cannot be considered here.  Baldwin, 541 U.S. at 29; Jacobs, 265 F.3d at 415.

Although Barb later attempted to raise the claims in his appeal to the Supreme Court of Ohio (see doc. 18, RX 16), that court will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy, 757 F.2d at 99; Adams, 484 F.Supp.2d at 769; Graines, 52 Ohio St.3d at 185, 556 N.E.2d at 1168 (citing cases); Phillips, 27 Ohio St.2d at 302, 272 N.E.2d at 352.

Barb can no longer raise these claims in state court, as they would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

Barb cannot return to state court to exhaust these claims because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  Hutton, 100 Ohio St.3d at 182, 797 N.E.2d at 956; Gillard, 78 Ohio St.3d at 549, 679 N.E.2d 276.  State law no longer would permit Barb to raise the claims, hence they are defaulted.  See Williams, 460 F.3d at 806; Adams, 484 F.Supp.2d at 769.

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Lott, 261 F.3d at 612.  Barb does not address cause and prejudice in his traverse.  See generally doc. 29.

The petition should not be granted on the basis of the tenth ground.

### E.  Claim of Ineffective Assistance Not Presented in Post-Conviction Petition

The fifteenth ground for relief is: "Petitioner was denied assistance of trial counsel, and assistance of appellate counsel."  Barb's claims here concern appointed counsel.  As to trial counsel, he complains that the trial court "replaced the Public Defender with Counsel of her choosing."  As to appellate counsel, he asserts that the court "appointed appellate counsel that admits being on retainer from the presiding Judge for several years."  (Doc. 1, at p. 11.)

The respondent argues that the claim was not raised until his appeal of the denial of his post-conviction petition (doc. 18, RX 29, at 10), and was found to be waived by the state court of appeals (doc. 18, RX 35, at 9-10; Barb, 2010 WL

4286173, at *4).  (Doc. 18, at 25.)  The respondent also notes that the aspect of the claim pertaining to appellate counsel was also not raised in Barb's application for reopening.  See generally doc. 18, RX 41.

Again here, Barb failed to exhaust this claim in state court, and failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of the state's review process.  Williams, 380 F.3d at 967 (quoting O'Sullivan, 526 U.S. at 845).

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Lott, 261 F.3d at 612.  Barb does not address cause and prejudice in his traverse.  See generally doc. 29.

The petition should not be granted on the basis of the fifteenth ground.


## IV.  SUFFICIENCY OF THE EVIDENCE

The sixth ground of the petition is:  "Prosecution made no competent showing to rebut the presumption of innocence secured in law and the Fourteenth Amendment."

The respondent asserts that this claim has no merit, and the evidence supporting his felonious assault conviction was constitutionally sufficient.  (Doc. 18, at 28-32.)  Barb argues that the evidence presented proved that "Finley got scratched by his mother."  (Doc. 29, at 9.)

The court of appeals ruled on his claim as follows:

Second, appellant challenges the sufficiency and weight of the evidence of felonious assault.  As appellant correctly notes, the concepts of sufficiency and weight of the evidence are qualitatively different.  The

evidence is sufficient if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact can conclude that the state has proven each element of the crime beyond a reasonable doubt.  State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.  This standard tests the adequacy of the evidence, while the standard for assessing the weight of the evidence tests the quality of the evidence.  In addressing the issue of the manifest weight of the evidence, the court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.  State v. Martin (1983), 20 Ohio St.3d 172, paragraph three of the syllabus.

Appellant was charged with felonious assault as defined by R.C. 2903.11(A)(2).  This statute provides in pertinent part: "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

Appellant concedes that the hammer he used to strike Finley was a "dangerous ordnance." We think it is better described as a "deadly weapon," that is, "[an] instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."  R.C. 2923.11(A); State v. Reckers, Hamilton App. Nos. C-060451, C-060640, 2007-Ohio-3679, ¶ 14 (flashlight used as a bludgeon was a deadly weapon).  He claims the evidence was insufficient because it was not clear who held the hammer when the victim was struck with it.  The fact that the jury could reach differing conclusions might affect the weight of the evidence, but it does not affect its sufficiency.  Both L.S. and Finley testified that appellant struck Finley in the head with the hammer.  This evidence was sufficient to prove felonious assault beyond a reasonable doubt.  [The court then proceeded to address the weight of the evidence.]

(Doc. 18, RX 14, at 4-6; Barb, 2008 WL 4885042, at *3.)

The state court relied on State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) (syllabus, ¶ 2), which followed the sufficiency of evidence standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979).  (Doc. 18, RX 14, at 4-5; Barb, 2008 WL 4885042, at *3.)  Thus, the issue is whether the state court decision was an

"unreasonable application" of clearly established federal law; in other words, whether the state court identified the correct governing legal principle from Supreme Court decisions, but unreasonably applied that principle to the facts of Barb's case.  Williams, 529 U.S. at 410-412.

Under Supreme Court precedent, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 319; see also Cavazos v. Smith, 132 S.Ct. 2, 6 (2011) (per curiam); Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990).  As noted above, this was the standard applied by the state appellate court.  (Doc. 18, RX 14, at 4-5; Barb, 2008 WL 4885042, at *3.)  Thus, the state court identified the correct governing legal principle from Jackson v. Virginia.

Under Jackson, the habeas court does not make its own subjective determination of guilt or innocence.  Russell v. Anderson, No. 1:07CV3434, 2008 WL 4534144, at *3 (N.D. Ohio Oct. 6, 2008) (citing Herrera v. Collins, 506 U.S. 390, 402 (1993)); Talley v. Hageman, 619 F.Supp.2d 407, 416 (N.D. Ohio 2008) (citing Herrera).  This court does not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury.  White v. Steele, 602 F.3d 707, 710 (6th Cir. 2009), cert. denied, 131 S.Ct. 130 (2010) (quoting Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009)); Dover v. Warden, Belmont Corr. Inst., No. 5:08CV2130, 2009 WL 1940728, at *14 (N.D. Ohio July 2, 2009).

The Supreme Court recently emphasized that "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." Cavazos, 132 S.Ct. at 4.  The Court stressed that Jackson "unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Cavazos, 132 S.Ct. at 6 (quoting Jackson, 443 U.S. at 326).  "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Coleman v. Johnson, 566 U.S. ____, ____, 2012 WL 1912196, at *1 (May 29, 2012) (per curiam) (quoting Cavazos).

On habeas review, "the Jackson v. Virginia standard is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" Davis v. Lafler, 658 F.3d 525, 534 (6th Cir. 2011) (en banc), cert. denied, — S.Ct. — (Apr. 16, 2012) (quoting United States v. Oros, 578 F.3d 703, 710 (7th Cir. 2009)).  The Supreme Court recently affirmed that "Jackson claims face a high bar in federal habeas proceedings." Coleman v. Johnson, 566 U.S. at ____, 2012 WL 1912196, at *1.

A sufficiency of the evidence claim must be addressed "with explicit reference to the substantive elements of the criminal offense as defined by state law." Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting Jackson, 443 U.S. at 324 n.16).  Thus, the federal court must look to state law to determine the elements of the crime.  Cameron v. Birkett, 348 F.Supp.2d

825, 838-839 (E.D. Mich. 2004) (quoting Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999)).

Barb was convicted of felonious assault, a violation of Ohio Rev. Code § 2903.11(A)(2), which states, in relevant part:  "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."  (Doc. 18, RX 14, at 5; Barb, 2008 WL 4885042, at *3, quoting Ohio Rev. Code § 2903.11(A)(2).)  The state court found that two eyewitnesses testified that Barb struck Finley in the head with a hammer, and found that evidence was sufficient to prove felonious assault beyond a reasonable doubt.  (Doc. 18, RX 14, at 6; Barb, 2008 WL 4885042, at *3.)

This court cannot find that the state court decision was an unreasonable application of clearly established federal law set forth in Jackson v. Virginia and related cases.  The petition should not be granted on the basis of the sixth ground.


V.  CRUEL AND UNUSUAL PUNISHMENT

The eleventh ground of the petition is:  "The sentence imposed by the trial court is contrary to law and in violation of the Eighth Amendment."  The respondent argues that the state court rulings do not offend the Eighth Amendment, and that simply because Barb received the maximum sentence under the statute, it is not disproportionate to the crime of which he was convicted.  (Doc. 18, at 32-35.)

On direct appeal, the state court of appeals noted:

> The maximum sentence for any second degree felony is eight years' imprisonment, the sentence imposed here.  A sentence within the range allowed by a valid statute generally is not cruel and unusual. State v. Hairston, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 21.

(Doc. 18, RX 14, at 8-9; Barb, 2008 WL 4885042, at *4.)  The state court ruled that Barb's sentence was not grossly disproportionate to the offense, in light of the seriousness of the offense and the potential for serious injury.  (Doc. 18, RX 14, at 9; Barb, 2008 WL 4885042, at *4.)

Barb has the burden to demonstrate that the state court ruling on his Eighth Amendment claim is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The Supreme Court has most frequently found Eighth Amendment sentencing violations in particular cases which involved the death penalty, or sentences of life without parole.  See, e.g., Graham v. Florida, 130 S.Ct. 2011 (2010) (Eighth Amendment prohibits imposition of life without parole on juvenile who did not commit homicide); Kennedy v. Louisiana, 554 U.S. 407 (2008) (Eighth Amendment prohibits death penalty for rape of child where crime did not result in death of victim).  This case clearly does not involve the death penalty, or a life sentence.

As noted by the state court, a sentence within the statutory maximum set by statute generally does not constitute "cruel and unusual punishment."  United States v. Organek, 65 F.3d 60, 62-63 (6th Cir. 1995); see also Chapman v. United States, 500 U.S. 453, 465 (1991); Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000).

The Supreme Court has recognized that "in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." Lockyer v. Andrade, 538 U.S. 63, 72 (2003).  The Court found that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1):  A gross disproportionality principle is applicable to sentences for terms of years." Lockyer, 538 U.S. at 72; see, e.g., Friday v. Pitcher, No. 02-1564, 2004 WL 435856, at *4 (6th Cir. Mar. 2, 2004) (per curiam), cert. denied, 543 U.S. 1023 (2004).

The Supreme Court also pointed out, however, that:  "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer, 538 U.S. at 77.  In Lockyer, for example, the Court found "it was not an unreasonable application of our clearly established law for the California Court of Appeal to affirm Andrade's sentence of two consecutive terms of 25 years to life in prison." Id.

Likewise, the Court found that a sentence of 25 years to life in prison, imposed for a conviction for felony grand theft under California's "three strikes" law, was not "grossly disproportionate" and did not violate the Eighth Amendment, despite the fact that the "sentence-triggering criminal conduct" consisted of the theft of three golf clubs priced at less than $1,200. Ewing v. California, 538 U.S. 11, 30-31, 35 (2003).

This court cannot find that Barb's eight year sentence for felonious assault constitutes an "extraordinary case" amounting to an Eighth Amendment violation, nor that the state courts' decision was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States.  The petition should not be granted on the basis of the eleventh ground.

## VI.  JURY VENIRE

The ninth and thirteenth grounds of the petition are substantively identical, and argue that Barb's right to an impartial jury under the Sixth Amendment was violated, because Barb allegedly recognized that "Numerous jurors on the venire of 22 were in fact jurors from the petitioner's previous trials."  (Doc. 1, at p. 9.)

The respondent states that these claims are without merit, "as both the trial court and court of appeals determined that none of Barb's jurors from his felonious assault trial had ever participated in any of Barb's previous trials."  (Doc. 18, at 36.)

Barb raised this claim in his postconviction petition (doc. 18, RX 21), and the court found that the claim had no merit.  The court of appeals stated:

> . . . the record reveals that the state submitted the jury lists under seal and requested the trial court to conduct an in-camera review.  The trial court conducted an in-camera review and determined that "no juror in Barb's previous trials served as jurors in this case."  Our review of the record supports this conclusion.

(Doc. 18, RX 35, at 5; Barb, 2010 WL 4286173, at *2.)

Barb argues that the state courts are "either attempting to split hairs or [have] been reviewing fraudulent documents."  (Doc. 29, at 11.)  The factual findings made by the state courts are presumed correct, and the presumption of correctness may be rebutted by the petitioner only with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  See, e.g., Lorraine, 291 F.3d at 422; Warren v. Smith, 161 F.3d

358, 360-361 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999).  Under the AEDPA,

"a determination of a factual issue made by a State court shall be presumed to be

correct," 28 U.S.C. § 2254(e)(1), and that presumption of correctness extends to

factual findings of a state appellate court based on the state trial record.  Bowling v.

Parker, 344 F.3d 487, 497 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004) (citing

Sumner v. Mata, 449 U.S. 539, 546-47 (1981)).  Barb does not rebut the

presumption of correctness with clear and convincing evidence.  See generally doc.

29, at 10-13.

Barb cites Leonard v. United States in support of his arguments.  (Doc. 29, at

12.)  In that case, the defendant was convicted in separate trials, and by different

juries, of two separate crimes.  The Supreme Court reversed the second conviction,

on these facts:

> The two cases were tried in succession. The jury in the case tried first
> – forging and uttering endorsements – announced its guilty verdict in
> open court in the presence of the jury panel from which the jurors who
> were to try the second case – transportation of a forged instrument –
> were selected.  Petitioner immediately objected to selecting a jury for
> the second case from among members of the panel who had heard the
> guilty verdict in the first case.  The objection was overruled, and the
> actual jury which found petitioner guilty in the second case contained
> five jurors who had heard the verdict in the first case.

Leonard v. United States, 378 U.S. 544 (1964) (per curiam).  That case is not

relevant here, where there is no indication that any veniremen had any similar

involvement.[2]

---

[2]  In any event, courts have found that the "selection of jurors from panels
who may have previously participated in voir dire, even in a similar case, is not
error, unless actual bias is shown."  United States v. Real Property Known as Rural
Rte. 1, Box 137-B, 24 F.3d 845, 852 (6th Cir. 1994) (quoting United States v. Dion,

Barb has failed to demonstrate that the state courts' decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  The petition should not be granted on the basis of the ninth or thirteenth grounds.


## VII.  SPEEDY TRIAL

The fifth ground of the petition is:  "Right of speedy trial is guaranteed in Ohio statutory law and secured through the Sixth and Fourteenth Amendment[s]." The respondent argues that this claim "cannot be reviewed in federal habeas because an alleged violation of state law does not present a federal constitutional question," unless the delay resulted in a federal constitutional violation.  (Doc. 18, at 14.)  The respondent contends that the state court of appeals found no state violation, therefore there is no presumption of a federal violation.  Id. at 16.

The state court of appeals ruled as follows:

> In his first assignment of error, appellant urges that the court erred by denying his motion for discharge for failure to afford him with a speedy trial.  Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days after his arrest.  For purposes of computing this time, each day spent in jail pending trial must be counted as three days.  R.C. 2945.71(E).  The parties apparently agree that appellant was in jail pending trial from the time of his arrest on August 15, 2007, so each day that counted toward his speedy trial time counted as three days.

> When computing speedy trial time, the date of arrest itself is not counted.  See, e.g., State v. Stewart, Montgomery App. No. 20462, 2006-Ohio-4164, ¶ 16.  Thirty-six days elapsed from the day after

---

762 F.2d 674, 693 (8th Cir. 1985)).

appellant's arrest (August 16, 2007) until the date he filed his motion for discovery (September 20, 2007), inclusive.

Pursuant to R.C. 2945.72(E), the speedy trial time is extended for any period of delay necessitated by a motion filed by the defendant. Requests for discovery are tolling events under this provision.  State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 23.  While the speedy trial clock is not tolled indefinitely by such a motion, it is tolled for a reasonable time.  State v. Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 27.  In this case, the state did not actually respond to appellant's motion for discovery until November 20, 2007.  This two-month delay was probably not reasonable.  However, we find that a thirty-day response period was reasonable, thus tolling the speedy trial clock until October 20, 2007.  Even without attributing any other delays to appellant for purposes of calculating his speedy trial time, the commencement of trial on November 27, 2007 was well within the ninety-day period allowed by R.C. 2945.71(C)(2) and (E).  Therefore, we overrule the first assignment of error.

(Doc. 18, RX 14, at 3-4; Barb, 2008 WL 4885042, at *2.)

The respondent is correct that an alleged violation of a state speedy trial law is not remediable through a federal habeas corpus petition.  Norris v. Schotten, 146 F.3d 314, 328 (6th Cir.), cert. denied, 525 U.S. 935 (1998); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), cert. denied, 514 U.S. 1024 (1995); Massenburg v. Pitcher, No. 00-10503, 2003 WL 88118, at * 8 (E.D. Mich. Jan. 10, 2003) (citing Norris). Such a claim arises under state law and is not cognizable on federal habeas review. Massenburg, 2003 WL 88118, at * 8 (citing Lewis, 497 U.S. at 780).  To the extent that the petition relies on a violation of the Ohio speedy-trial statutes, it should not be granted.

Rather, Barb must establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.  Danks v. Davis, 355 F.3d 1005, 1008 (7th

Cir.), cert. denied, 542 U.S. 943 (2004); Wilson v. Mitchell, No. 02-3834, 2003 WL
1194257, at *2 (6th Cir. Mar. 7, 2003); Poe, 39 F.3d at 207; Massenburg, 2003 WL
88118, at * 8.  The court's consideration of a claim that Ohio has violated its speedy
trial rules is limited to a determination of whether the state's action has violated
the petitioner's Sixth Amendment right to a speedy trial.  Poe, 39 F.3d at 207;
Massenburg, 2003 WL 88118, at * 8.

The Sixth Amendment to the U.S. Constitution guarantees the accused a
speedy trial in all criminal prosecutions.  The right to a speedy trial is
"fundamental," and is imposed on the states by the Due Process Clause of the
Fourteenth Amendment.  Barker v. Wingo, 407 U.S. 514, 515 (1972).  The Supreme
Court said that the states "are free to prescribe a reasonable period consistent with
constitutional standards."  Id. at 523.

The Barker Court set out four criteria by which an alleged violation of the
constitutional right to a speedy trial is to be judged:  (1) the length of the delay; (2)
the reason for the delay; (3) the defendant's assertion of his right; and (4) the
prejudice to the defendant.  Barker, 407 U.S. at 530; Norris, 146 F.3d at 326.  None
of the four factors is either necessary or sufficient to finding a deprivation of the
right to a speedy trial, but must be balanced with other relevant circumstances.  Id.
at 533.

In a subsequent decision, Doggett v. United States, the balance was
described as "whether [the] delay before trial was uncommonly long, whether the
government or the criminal defendant is more to blame for that delay, whether, in
due course, the defendant asserted his right to a speedy trial, and whether he

suffered prejudice as the delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992).

The Ohio Court of Appeals did not explicitly undertake the four-part analysis set forth in Barker.  Where a state court decides a constitutional issue without extended discussion, the federal habeas court should focus on the result of the state court's decision, applying the correct standard in its analysis.  Harris v. Stovall, 212 F.3d 940, 943 n.1 (6th Cir. 2000), cert. denied, 532 U.S. 947 (2001).

The Barker Court noted that the first factor is "a triggering mechanism," instructing that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530; Maples v. Stegall, 427 F.3d 1020, 1025 (6th Cir. 2005); Norris, 146 F.3d at 326.  Thus, the first inquiry is "whether there was a presumptively prejudicial delay" to warrant further investigation of the Barker factors.  Norris, 146 F.3d at 326-327.

The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier.  Maples, 427 F.3d at 1026 (citing United States v. Marion, 404 U.S. 307, 320 (1971)); Redd v. Sowders, 809 F.2d 1266, 1269 (6th Cir. 1987); United States v. Roberts, 548 F.2d 665, 667 (6th Cir.), cert. denied, 431 U.S. 920 (1977) (citing Dillingham v. United States, 423 U.S. 64 (1975) (per curiam)).

A delay approaching one year may be considered presumptively prejudicial, depending on the nature and seriousness of the charges.  Doggett, 505 U.S. at 652 n.1; Maples, 427 F.3d at 1026; Norris, 146 F.3d at 327.  A delay of under six months

is not considered presumptively prejudicial.  Wilson, 2003 WL 1194257, at *2 (124 days not presumptively prejudicial); United States v. White, 985 F.2d 271, 275 (6th Cir. 1993) (6 1/2 months); United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986), cert. denied, 479 U.S. 1090 (1987) (5 months).  See also Hogan v. McBride, 74 F.3d 144, 145 (7th Cir. 1996) (8 months not presumptively prejudicial).

Barb was arrested on Aug. 15, 2007, and indicted on Sept. 11, 2007.  (Doc. 18, RX 14, at 4; Barb, 2008 WL 4885042, at *2; see also doc. 18, RX 8, at [3]; and RX 1.) He was brought to trial on Nov. 27, 2007, which was 104 days after his arrest. (Doc. 18, RX 14, at 4; Barb, 2008 WL 4885042, at *2; see also doc. 18, RX 8, at [2].)

The state court found no speedy trial violation under state law.  (Doc. 18, RX 14, at 4; Barb, 2008 WL 4885042, at *2.)  This court finds no constitutional violation in the delay of 104 days between Barb's arrest and the commencement of his trial. See, e.g., Wilson, 2003 WL 1194257, at *2 (124 days not presumptively prejudicial); White, 985 F.2d at 275.  Because there is no delay which is uncommonly long or presumptively prejudicial, there is no necessity for inquiry into the other speedy-trial factors.  Barker, 407 U.S. at 530; Maples, 427 F.3d at 1025-1026.  This court finds no constitutional speedy trial violation.

The petition should not be granted on the basis of the fifth ground. Barb has failed to establish that the state court decision was contrary to clearly established federal law, as determined by the U.S. Supreme Court.

VIII.  POSTCONVICTION EVIDENTIARY HEARING

The sixteenth ground of the petition is:  "The trial court erred by improperly dismissing petitioner's post conviction relief without conducting an evidentiary hearing."  The respondent asserts, correctly, that this claim cannot be reviewed in habeas because a challenge to Ohio's post-conviction procedures does not present a federal question.  (Doc. 18, at 18-19.)

Habeas relief cannot be granted for an alleged due process violation in a post-conviction proceeding because the claim relates to a state civil matter.  Roe v. Baker, 316 F.3d 557, 570-571 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003) (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)).  A petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, is a civil proceeding. Normand v. McAninch, 210 F.3d 372, 2000 WL 377348, at *5 (6th Cir. 2000) (TABLE, text in WESTLAW) (citing State v. Nichols, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984)); State v. Steffen, 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 76 (1994); State v. Apanovitch, 107 Ohio App.3d 82, 87, 667 N.E.2d 1041, 1044 (Ohio Ct. App. 1995) (post-conviction proceeding is collateral civil attack on judgment).

Even if Barb could demonstrate that some error occurred during his state post-conviction proceeding, such a claim is not cognizable on federal habeas review. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007); Roe, 316 F.3d at 571 (citing Kirby, 794 F.2d at 247); Greer v. Mitchell,  264 F.3d 663, 681 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases).

The petition should not be granted on the basis of the sixteenth ground.

## VIII. SUMMARY

The petition for a writ of habeas corpus should not be granted.

The petition should not be granted on the basis of the first, second, third, fourth, seventh, eighth, tenth, twelfth, fourteenth and fifteenth grounds of the petition because these claims were never  presented to the Ohio Court of Appeals, thus were not properly exhausted, and are now defaulted.  Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Barb does not address cause and prejudice in his traverse.  See generally doc. 29.

The petition should not be granted on the basis of the fifth, ninth or thirteenth grounds, because Barb has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law,  clearly established federal law, as determined by the U.S. Supreme Court.

The petition should not be granted on the basis of the sixth ground, because this court cannot find that the state court decision was an unreasonable application of clearly established federal law set forth in Jackson v. Virginia and related cases.

The petition should not be granted on the basis of the eleventh ground, because Barb's eight year sentence for felonious assault does not constitute an "extraordinary case" amounting to an Eighth Amendment violation, nor that the state courts' decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

Finally, the petition should not be granted on the basis of the sixteenth ground, because a challenge to Ohio's post-conviction procedures does not present a federal question.

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   June 4, 2012            /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).