**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DANNY BARB,** ) | Case No. 1:11 CV 563 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **KIMBERLY CLIPPER, Warden,** ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by *Pro Se* Petitioner Danny Barb ("Petition"). (**Doc #: 1**.) Barb challenges the constitutionality of his state-court conviction and eight-year sentence for felonious assault on sixteen grounds. (Id.) Pursuant to Local Rule 72.2, the Petition was automatically referred to Magistrate Judge Kenneth S. McHargh for preparation of a Report and Recommended Decision ("R & R"). (See non-document entry dated 4/22/11.)

The Magistrate Judge has now issued an R & R recommending that the Court deny the Petition. (**Doc #: 32**.) Specifically, the Magistrate Judge has concluded that the first, second, third, fourth, seventh, tenth and twelfth grounds for relief have not been exhausted because they were not raised on direct appeal, and they are barred by *res judicata*. The Magistrate Judge also found that the Sixth Amendment ineffectiveness claims asserted in grounds eight, fourteen and fifteen, and the underlying claims, were procedurally defaulted, and Barb failed to show cause for the default and prejudice resulting therefrom. With regard to the remaining grounds, the Magistrate Judge explained in detail why the state court rulings did not involve an unreasonable

application of clearly established federal law, as determined by the Supreme Court of the United States.

Barb has filed Objections to Decision of Magistrate Judge ("Objections"). (**Doc #: 33**.) First, Barb objects to the fact that the Respondent filed a sur-reply to Barb's traverse without leave of court. (Id. at 2.) Since the Magistrate Judge expressly acknowledged that the Respondent filed a sur-reply without leave of court and never mentioned that brief in his memorandum, the Court presumes he did not rely on that brief when recommending that the Court deny the § 2254 Petition.

Next, Barb generally objects to the Magistrate Judge's recitation of the factual and procedural histories of his case, the presumption of correctness the Magistrate Judge afforded certain state court rulings, the Magistrate Judge's conclusion that Barb failed to exhaust and procedurally defaulted many of his habeas claims, the Magistrate Judge's treatment of his Sixth Amendment ineffectiveness claims, and finally, "all of the magistrate judge's report and recommendation." (Id. at 5.) The Court finds that the arguments Barb raises therein are no different than the arguments the Magistrate Judge reviewed and passed upon in his exhaustive and well-reasoned thirty-eight page R & R.

Accordingly, the Court **OVERRULES** the Objections (**Doc #: 33**), **ADOPTS** the R & R in its entirety (**Doc #: 32**), and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

                                               */s/ Dan A. Polster    6/25/2012*
                                              **Dan Aaron Polster**
                                              **United States District Judge**